## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Awntwanay Swepson, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 23-1040-HLT-GEB |
| | ) |
| Aimbridge Employee Corp., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## ORDER

This matter is before the Court on Plaintiff's Proposed Motion to Compel Interrogatories and Requests from Defendant and Exhibits in Support (collectively referred to herein as the "Motion") (**ECF Nos. 124 and 125**).  For the reasons outlined below, Plaintiff's Motion is narrowly **GRANTED IN PART AND DENIED IN PART**.

### I.       Relevant Background

Plaintiff filed the Motion on February 15, 2024.[1]  After this filing, the Court had several email communications with the parties regarding their obligation to first meet and confer regarding discovery disputes and, if unsuccessful, then contact the undersigned's Chambers for a telephone conference before filing any motions to compel.[2]  The Court expects the parties to follow these procedures going forward.[3]  Any future motion to

---

[1] ECF No. 124.
[2] *See* Fed. R. Civ. P. 37(a)(1), D. Kan. Rule 37.1(a), and D. Kan. Rule 37.2.
[3] *Id.*

compel filed before completing this process will be automatically denied without prejudice.[4]

On March 13, 2024, after the parties were given time to discuss the discovery disputes, the Court conducted a status conference and discussed the Motion.  The only issue remaining unresolved after the conference involves Plaintiff's Interrogatory Number 5.  The Court instructed the parties to submit position statements by March 15, 2024.[5]  Defendant timely submitted a statement, but Plaintiff did not provide anything to the Court.

Plaintiff's Interrogatory Number 5 requests "W-2 earning statements by the defendant for the year 2021 till the present."[6]  Defendant construes this as a request for copies of its federal and state tax returns, and objects on the basis that Plaintiff has not made a claim for punitive damages.[7]  In the Motion, Plaintiff states she specifically included a claim for punitive damages in her initial disclosures based on "the discrimination in malice treatment [she] endured when working for defendant."[8]  She also states she is "obviously seeking up to the maximum amount of punitive and compensatory damages of $300,000."[9]

---

[4] *See* D. Kan. Rule 37.1(a) ("Unless otherwise requested by the court, no disputed discovery-related motion, material, or argument should be filed . . . prior to this telephone conference.").
[5] ECF No. 130.
[6] ECF No. 125-2.  Even though the discovery request is labeled as an interrogatory, the parties are treating it like a request for production of documents.  The Court will do the same.
[7] *Id.*
[8] *Id.*  The Court has a copy of Plaintiff's amended initial disclosures, received September 25, 2023, which does claim $300,000 and notes that is "the maximum amount of punitive damages that can be awarded."
[9] ECF No. 125-2.

## II.     Legal Standard

Generally, information about a party's current net worth or financial condition is relevant to the issue of punitive damages.[10]  "When a punitive damages claim has been asserted by the plaintiff, a majority of federal courts permit pretrial discovery of financial information of the defendant without requiring plaintiff to establish a prima facie case on the issue of punitive damages."[11]  But a plaintiff seeking discovery of the defendant's financial condition in support of a claim for punitive damages must show the claim is not spurious.[12]  To prove a claim is not spurious, a party must provide specific factual allegations to support its claim for punitive damages.[13]

Thus, in determining whether Plaintiff's punitive damages claim is spurious, the Court looks to whether Plaintiff has made sufficient allegations—short of those needed to establish a prima facie case—to support a claim for punitive damages under the applicable law.[14]  Plaintiff's Complaint is based on alleged violations of the Americans with Disabilities Act ("ADA").[15]  An ADA plaintiff may seek punitive damages if an employer

---

[10] *Koel v. Citizens Med. Ctr., Inc.*, No. 21-CV-2166-HLT-TJJ, 2023 WL 315030, at *2 (D. Kan. Jan. 19, 2023) (citing *Gust v. Wireless Vision, L.L.C.*, No. 15-2646-KHV, 2015 WL 9462078, at *5 (D. Kan. Dec. 24, 2015), *Mid Continent Cabinetry, Inc. v. George Koch Sons, Inc.*, 130 F.R.D. 149, 152 (D. Kan. 1990), and *Aerotech Res., Inc. v. Dodson Aviation, Inc.*, No. 00-2099-CM, 2001 WL 395397, at *2 (D. Kan. Apr. 11, 2001)).

[11] *Koel*, 2023 WL 315030, at *2 (quoting *Mid Continent Cabinetry, Inc.*, 130 F.R.D. at 151).

[12] *Id.* (citing *Mid Continent Cabinetry, Inc.*, 130 F.R.D. at 152 and *Heartland Surgical Specialty Hosp., LLC v. Midwest Div., Inc.*, No. 05-2164-MLB-DWB, 2007 WL 950282, at *13 (D. Kan. Mar. 26, 2007)).

[13] *Koel*, 2023 WL 315030, at *2 (citing *Gust*, 2015 WL 9462078, at *5, *McCloud v. Bd. of Geary Cty. Comm'rs*, No. 06-1002-MLB-DWB, 2008 WL 1743444, at *4 (D. Kan. Apr. 11, 2008), and *Heartland*, 2007 WL 950282, at *13).

[14] *See Koel*, 2023 WL 315030, at *3.

[15] ECF No. 1 at p. 1 (basing lawsuit on the American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq*.).

engaged in discriminatory practices with malice or reckless indifference to a plaintiff's federally protected rights.[16]

### III.   Discussion

#### A.   Spuriousness

In arguing against disclosure of its financial information, Defendant first states that Plaintiff's Complaint does not include a request for punitive damages.  Defendant then argues that if Plaintiff's statement in her initial disclosures asserting punitive damages is considered a viable claim despite not being properly pled, her claim is spurious because she has not alleged specific facts showing Defendant engaged in malicious conduct.

Defendant is correct that Plaintiff's Complaint does not contain a specific request for punitive damages.  Pursuant to Fed. R. Civ. P. 9(g), if "an item of special damage is claimed, it must be specifically stated."  However, Plaintiff's Complaint does claim $300,000 in damages, which, as Plaintiff points out in her Motion, is a statutory cap for compensatory and punitive damages under the ADA.[17]  And, while Fed. R. Civ. P. 9(b) requires allegations of fraud or mistake be pled with particularity, malicious conduct may be alleged generally.

Here, Plaintiff states due to her disability, she was subjected to physical and verbal harassment by being pushed, shoved, threatened, and called names.[18]  She alleges she was treated less favorably than other employees because Defendant scrutinized her work more

---

[16] *E.E.O.C. v. Heartway Corp.*, 466 F.3d 1156, 1169 (10th Cir. 2006); 42 U.S.C. § 1981a(b)(1).

[17] ECF No. 1 at p. 5.  Under 42 U.S.C. § 1981a(b)(3)(D), compensatory and punitive damages are capped at $300,000 for employers with more than 500 employees.

[18] ECF No. 1 at pp. 3-4.

closely, denied her adequate training, and denied her a promotion.[19]  Plaintiff further claims she was denied a reasonable accommodation by not being allowed to sit down while working behind a bar.[20]

While a close call, the Court finds that Plaintiff's request in the Complaint for $300,000 in damages (which is the ADA statutory cap for compensatory and punitive damages for large employers),[21] coupled with the factual allegations stated above (particularly the harassment claims), sets forth a claim for punitive damages that is not spurious at this time for this purpose.  In so deciding, the Court notes the standard above, which states that while plaintiffs must provide specific factual allegations to support a claim for punitive damage, they need not establish a prima facie case.  Additionally, Plaintiff here is proceeding *pro se*.  As such, her Complaint is to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers.[22]  And, while courts should not act as advocates for *pro se* parties, they are required to look beyond a failure to cite proper legal authority, confusion of legal theories, poor syntax or sentence construction, and as particularly relevant here, unfamiliarity with pleading requirements.[23]

### B.    Scope of Production and Timing

Based on caselaw in this District, Defendant alternatively asks the Court to (1) limit production from its tax returns for the last three years to its most recent financial statements

---

[19] *Id.*

[20] *Id.*

[21] 42 U.S.C. § 1981a(b)(3)(D).

[22] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[23] *Id.*

and annual reports and (2) stay production until the claim for punitive damages survives a dispositive motion.

Multiple cases in this District have limited the scope of discoverable financial information relevant to the issue of punitive damages to the defendant's most recent annual reports and current financial statements.[24]  Consistent with such rulings, the Court finds tax returns go beyond what is necessary or reasonable for Plaintiff to show Defendant's current net worth or financial condition.  Additionally, in failing to submit a position statement to the Court, Plaintiff has made no showing why tax returns, as opposed to other financial information, are necessary for calculating a punitive damages award or why three years is a reasonable time span for production.[25]  Thus, the Court limits Defendant's production to its most recent annual reports and current financial statements, which the Court defines as the one-year period prior to the date Defendant produces such information.[26]

Caselaw also shows that delaying production until a dispositive ruling on the issue of punitive damages is appropriate.[27]  While there are no motions pending, Defendant represents in its position statement that it intends to file a dispositive motion on the issue

---

[24] *See, e.g., Koel*, 2023 WL 315030, at *3; *Riley v. PK Mgmt*., LLC, No. 18-CV-2337-KHV-TJJ, 2019 WL 1509861, at *4 (D. Kan. Apr. 5, 2019); *Accountable Health Sols., LLC v. Wellness Corp. Sols., LLC*, No. 16-CV-2494-DDC-TJJ, 2017 WL 3229071, at *4 (D. Kan. July 31, 2017); *McCloud*, 2008 WL 1743444, at *4.

[25] *See Hilt v. SFC Inc*., 170 F.R.D. 182, 189 (D. Kan. 1997) (protecting the confidentiality of tax returns requires courts to find a compelling need for the returns because the information contained therein is not otherwise readily obtainable).

[26] *See Riley*, 2019 WL 1509861, at *4 (limiting production to the one-year period prior to date of production); *Accountable Health Sols., LLC,* 2017 WL 3229071, at *5 (same).

[27] *See, e.g., Koel,* 2023 WL 315030, at *4; *Arnold v. MaxMind, Inc*., No. 16-CV-1309-JTM-TJJ, 2017 WL 3581740, at *2 (D. Kan. Aug. 18, 2017); *Azim v. Tortoise Cap. Advisors, LLC*, No. 13-2267-DDC, 2015 WL 13624448, at *3 (D. Kan. May 26, 2015); *McCloud*, 2008 WL 1743444, at *5.

of punitive damages.  Additionally, dispositive motion briefings will be better suited for the Court to determine the sufficiency of Plaintiff's punitive damages claim than this motion to compel.[28]  Finally, delaying production to a point closer to trial will result in Defendant producing more current information than could be produced now.[29]

### C.   ADA's Statutory Cap on Punitive Damages

Defendant also argues its financial information is irrelevant because under the ADA punitive damages are capped based on the size of the employer, not net worth.[30]  In support, Defendant cites *Nyanjom v. Hawker Beechcraft, Inc.*[31]  In ruling on a motion to compel, that case found discovery of defendant's net worth was not relevant "at this stage of the litigation" given the ADA's statutory cap on punitive damages.[32]  Similarly, this Court, as explained above, is not requiring production during the discovery phase of litigation.

Although not discussed in *Nyanjom*, the ADA specifically states a court shall not inform the jury of the cap placed on punitive damages.[33]  Here, Plaintiff has requested a jury trial.  If Plaintiff's punitive damages claim survives summary judgment and if a jury decides such damages are warranted, the jury, who will not be aware of the cap, must have some understanding of Defendant's current financial worth to fashion an award sufficient to punish the malicious conduct.  Thus, while production of Defendant's financial

---

[28] *See Gust,* 2015 WL 9462078, at *6 (briefings on motions to compel are often insufficient to determine claimed pleading insufficiencies).
[29] *See Koel*, 2023 WL 315030, at *4; *Arnold*, 2017 WL 3581740, at *2.
[30] This is correct.  *See* 42 U.S.C. § 1981a(b)(3).
[31] No. 12-1461-JAR-KGG, 2014 WL 667885, at *2-3 (D. Kan. Feb. 20, 2014).
[32] *Id.* at 3.
[33] *See* 42 U.S.C. § 1981a(c)(2).

information may be premature at this stage of the case, it will, as stated above, be appropriate if the punitive damages claim survives summary judgment.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion **(ECF Nos. 124 and 125)** as discussed herein is **GRANTED IN PART AND DENIED IN PART**.  **Within fourteen (14) days after** the Court rules on any dispositive motion relating to Plaintiff's claim for punitive damages, provided such claim remains in the case, Defendant shall produce its most recent annual reports and current financial statements, which the Court defines as the one-year period prior to the date Defendant produces such information.

 **IT IS SO ORDERED.**

Dated April 9, 2024, at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge